IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ROBERT HACKWORTHY, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>MICHAEL J. ASTRUE, )<br>Commissioner of Social Security )<br>Administration, )<br>)<br>Respondent. )<br>) | Case No. CV07-156-N-CWD<br><br>**MEMORANDUM DECISION<br>AND ORDER** |

### Introduction

Currently pending before the Court for its consideration is Petitioner Robert Hackworthy's ("Petitioner") Petition for Review (Docket No. 1) of the Respondent's denial of social security benefits, filed April 4, 2007. The Court has reviewed the Petition for Review and the Answer, the parties' memorandums, the administrative record ("AR") and for the reasons that follow, will affirm the decision of the Commissioner of the Social Security Administration ("Commissioner").

### I.
### Procedural and Factual History

Petitioner filed an application for Disability Insurance Benefits and Supplemental Security Income on April 30, 2004, alleging disability due to lumbar injury and degenerative disc disease. Petitioner's application was denied initially and on reconsideration, and a request for a hearing was timely filed.

**Memorandum Decision and Order - Page 1**

Administrative Law Judge (ALJ) Richard A. Say held a hearing on September 7, 2006, taking testimony from Petitioner, his wife Debbie Hackworthy, his friend Steven Yeager, and vocational expert Daniel McKinney. (AR 305-331.) ALJ Say issued a decision finding Petitioner not disabled on September 28, 2006. (AR 11-22.)

Petitioner filed a timely appeal to the Appeals Council which denied his request for review, making the ALJ's decision the final decision of the Commissioner. (AR 5-8.) Petitioner appealed the final decision to this Court. The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

At the time of the hearing, Petitioner was 51 years of age. He has a high school education and his past relevant work experience includes work as a tree faller, horticultural worker, nursery worker, groundskeeper, tree planter and wildfire fighter.

## II.
## Sequential Process

The Commissioner follows a five-step sequential evaluation for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920. At step one, it must be determined whether the claimant is engaged in substantially gainful activity. The ALJ found Petitioner had not engaged in substantial gainful activity since his alleged onset date. At step two, it must be determined whether claimant suffers from a severe impairment. The ALJ found that Petitioner's musculoskeletal impairment of the lumbar region of the spine is "severe" within the meaning of the Regulations. Step three asks whether a claimant's impairments meet or equal a listed impairment. The ALJ found that Petitioner's impairments did not meet or equal the criteria for the listed impairments. If a claimant's impairments do not meet or equal a listing, the Commissioner must assess the residual functional capacity (RFC) and determine at step four

**Memorandum Decision and Order - Page 2**

whether the claimant has demonstrated an inability to perform past relevant work.  The ALJ found that Petitioner could not perform past relevant work.  If a claimant demonstrates an inability to perform past relevant work, the burden shifts to the Commissioner to demonstrate at step five that the claimant retains the capacity to make an adjustment to other work that exists in significant levels in the national economy, after considering the claimant's residual functional capacity, age, education and work experience.  At step five, the ALJ found that Petitioner has the residual functional capacity for a wide range of light work.

### III.
### Standard of Review

The Petitioner bears the burden of showing that disability benefits are proper because of the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *See* 42 U.S.C. § 1382c(a)(3)(A); *Rhinehart v. Fitch*, 438 F.2d 920, 921 (9th Cir. 1971).  An individual will be determined to be disabled only if his physical or mental impairments are of such severity that he not only cannot do his previous work but is unable, considering his age, education, and work experience, to engage in any other kind of substantial gainful work which exists in the national economy.  42 U.S.C. § 423(d)(2)(A).

On review, the Court is instructed to uphold the decision of the Commissioner if the decision is supported by substantial evidence and is not the product of legal error.  42 U.S.C. § 405(g); *Universal Camera Corp. v. Nat'l Labor Relations Bd.*, 340 U.S. 474 (1951); *Meanel v. Apfel,* 172 F.3d 1111, 1113 (9th Cir. 1999) (as amended); *DeLorme v. Sullivan,* 924 F.2d 841, 846 (9th Cir. 1991).  Substantial evidence is such relevant evidence as a reasonable mind might

**Memorandum Decision and Order - Page 3**

accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). It is more than a scintilla but less than a preponderance, *Jamerson v Chater,* 112 F.3d 1064, 1066 (9th Cir. 1997), and "does not mean a large or considerable amount of evidence." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

The Court cannot disturb the Commissioner's findings if they are supported by substantial evidence, even though other evidence may exist which supports the Petitioner's claims. 42 U.S.C. § 405(g); *Flaten v. Sec'y of Health and Human Servs.*, 44 F.3d 1453, 1457 (9th Cir. 1995). Thus, findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive. *Id.* It is well-settled that if there is substantial evidence to support the decision of the Commissioner, the decision must be upheld even when the evidence can reasonably support either affirming or reversing the Commissioner's decision, because the Court "may not substitute [its] judgment for that of the Commissioner." *Verduzco v. Apfel,* 188 F.3d 1087, 1089 (9th Cir. 1999).

In reviewing a case under the substantial evidence standard, the Court may question an ALJ's credibility assessment of a witness's testimony; however, an ALJ's credibility assessment is entitled to great weight, and the ALJ may disregard self-serving statements. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Where the ALJ makes a careful consideration of subjective complaints but provides adequate reasons for rejecting them, the ALJ's well-settled role as the judge of credibility will be upheld as based on substantial evidence. *Matthews v. Shalala*, 10 F.3d 678, 679-80 (9th Cir. 1993).

**Memorandum Decision and Order - Page 4**

## IV.
## Discussion

### A. Listing 1.04(C)

Petitioner argues that the ALJ's decision at step three, finding that Petitioner does not meet or equal the requirements of Listing 1.04(C), is not supported by substantial evidence. In step three, the Petitioner has the burden of proving that he meets all criteria of a Listing and is therefore per se disabled. In making a determination that the Petitioner has not met all of the criteria of a Listing, the ALJ is not, as a matter of law, required to state why a claimant failed to satisfy every different section of a listing. *Gonzalez v. Sullivan*, 914 F.2d 1197, 1201 (9th Cir. 1990). Instead, the ALJ must make an adequate statement of the "foundations on which the ultimate conclusions are based." Requiring more would unduly burden the social security disability process. *Id. citing Stephens v. Heckler*, 766 F.2d 284, 297 (7th Cir. 1985).

In the instant case, the ALJ did not specifically identify why Petitioner did not meet all of the criteria in Listing 1.04(C); however, the ALJ did sufficiently set forth the foundation that formed the basis of his conclusion. After reviewing the ALJ's opinion and the record, the Court finds that the decision was supported by substantial evidence.

Listing 1.04(C) states:

> Disorders of the spine (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equina) or the spinal cord.
> With:
> C. Lumbar spinal stenosis resulting in pseudoclaudication established by findings on appropriate medically acceptable imaging, manifested by chronic nonradicular pain and weakness, and resulting in inability to ambulate effectively as defined in 1.00B2b.

20 C.F.R. pt. 404, subpt. P, app. 1, §1.04(C). Further, inability to ambulate effectively is defined

as:

> Inability to ambulate effectively means an extreme limitation of the ability to walk; i.e. an impairment(s) that interferes very seriously with the individual's ability to independently initiate, sustain, or complete activities. Ineffective ambulation is defined generally as having sufficient lower extremity functioning to permit independent ambulation with the use of a hand-held assistive device(s) that limits the functioning of both upper extremities.

20 C.F.R. pt. 404, subpt. P, app. 1, §1.00B2b.

As noted above, the Listing requires a disorder of the spine resulting in compromise of a nerve root or the spinal cord with lumbar spinal stenosis resulting in chronic non-radicular pain and weakness and resulting in the inability to ambulate effectively.  Petitioner must show that he meets all of these criteria to be eligible for social security disability benefits.  Petitioner submits that an MRI conducted in January 1998 indicates he meets this listing.  (AR 234-235.)  Petitioner also contends that his treating practitioner, Thomas Neal has offered the opinion that Petitioner satisfies this Listing. (AR 296.)  Finally, Petitioner contends that the ALJ had a duty to inquire further of Dr. Neal regarding Petitioner's condition.  Based on the evidence in the record and the testimony presented at the hearing, the ALJ determined that Petitioner's condition did not meet all of the criteria in Listing 1.04(C).  The Court, after reviewing the opinion and the record, finds that this conclusion is supported by substantial evidence as explained below.

   1.   **The MRI**

Petitioner argues that the ALJ ignored the MRI evidence in his determination that Petitioner did not meet the criteria in Listing 1.04(C).  In the instant case, it is apparent from the ALJ's decision that he took the MRI into consideration, particularly in his determination that Petitioner was severely disabled.  However, as discussed in detail by the ALJ, there is substantial

**Memorandum Decision and Order - Page 6**

evidence in the record that, despite Petitioner's severe disability, Petitioner is able to ambulate effectively.  For example, Petitioner admits that he does a variety of household chores, goes shopping approximately once a week, pays bills, visits friends, drives a vehicle, performs exercises to strengthen his back, and at various times since the onset of his back problems has performed part time work. (AR 313-315, 104-108.)   Additionally, Petitioner is capable of bathing and dressing himself without help. (AR 313-314.)  Petitioner's treatment history also supports the ALJ's conclusion that Petitioner does not suffer from debilitating pain.  Petitioner has not sought frequent treatment nor taken medication consistently. (AR 226.) Thus, the ALJ's conclusion that Petitioner is able to ambulate effectively and therefore does not meet all criteria in Listing 1.04(C) is supported by substantial evidence.

    2.    **Treating Physician**

Within his Listing 1.04(C) argument, Petitioner asserts that the ALJ erred by not giving the testimony of Dr. Neal, Petitioner's treating physician, controlling weight under SSR 96-2p.

Ninth circuit cases distinguish among the opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (nonexamining physicians).  *Lester v. Chatter*, 81 F.3d 821, 830 ((9th Cir. Cir. 1995).   Generally, a treating physician's opinion is afforded the greatest weight in disability cases.  Therefore, an ALJ must provide "clear and convincing" reasons rejecting the uncontradicted opinion of either a treating or examining physician.  *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir.1991). Even when a treating or examining physician's opinion is contradicted, that opinion can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." *Murray*

*v. Heckler*, 722 F.2d 499, 502 (9th Cir.1983). However, an ALJ need not accept the opinion of a treating physician "if that opinion is brief, conclusory, and inadequately supported by clinical findings" or "by the record as a whole." *Kirk v. Astrue*, Slip Copy 2008 WL 2595178 (W.D. Was. 2008) *citing Batson v. Commissioner of Social Security Administration*, 359 F.3d 1190, 1195 (9th Cir. 2004); *Thomas v.Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002); *Tonapetyan v. Halter,* 242 F.3d 1144, 1148 (2001). Items in the record that may not support the physician's opinion include clinical findings from examinations, conflicting medical opinions, conflicting physician's treatment notes, and the claimant's daily activities. *Bayliss v. Barnhart*, 427 F.3d 1211 (9th Cir. 2005); *Connett v. Barnhart*, 340 F.3d 871 (9th Cir. 2003); *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595 (9th Cir. 1999). Additionally, an ALJ is not bound to a physician's opinion of a petitioner's physical condition or the ultimate issue of disability. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989).

      Petitioner's treating physician, Dr. Neal, submitted a letter to Petitioner's attorney stating that he believed based on the 1998 MRI that Petitioner has significant spondylolisthesis in the back and suffers from daily pain from this condition. (AR 296.) This opinion was not directly contradicted by other medical opinions; therefore, the ALJ must have provided clear and convincing reasons to reject it. The ALJ in the instant case listed his reasons for rejecting Dr. Neal's opinion as: 1) Dr. Neal's failure to explain why the diagnosis qualified the claimant for a disorder of the spine in terms of section 1.04 in the Listing of Impairments; 2) the inconsistency between Dr. Neal's opinion and other evidence in the record; and 3) the inconsistency between Dr. Neal's letter and a prior prescription note written by Dr. Neal indicating that Petitioner was capable of working (AR 153). The Court finds that the ALJ met the clear and convincing

standard in rejecting Dr. Neal's opinion.

As noted above, where the claimant's daily activities contradict a treating physician's opinion, there is no need to adopt that opinion as having controlling weight. Here, the ALJ pointed to substantial evidence in the record supporting the conclusion that Petitioner is able to ambulate effectively and complete daily activities, contradicting Dr. Neal's opinion that Petitioner met or equaled the criteria in 1.04(C). Additionally, the ALJ correctly points out that the note provided by Dr. Neal in June 2000, after the MRI was taken, does state that Petitioner was cleared to return to work at that time, contradicting his later statements regarding Petitioner's work ability. (AR 224.) Such inconsistencies are sufficient reasons for rejecting Dr. Neal's opinion, and the ALJ did not err.

### 3. Duty to Inquire

Also within his Listing 1.04(C) argument, Petitioner asserts that the ALJ had a duty to contact Dr. Neal to correct any deficiencies the ALJ saw in the record. As noted by the Ninth Circuit, "[t]he ALJ in a social security case has an independent 'duty to fully and fairly develop the record and to assure that the claimant's interests are considered.' " *Tonapetyan v. Halter*, 242 F.3d 1144, 1151 (9th Cir.2001) *quoting Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir.1996). Additionally, "the ALJ should not be 'mere umpire' during disability proceedings," but must " 'scrupulously and conscientiously probe into, inquire of, and explore for all relevant facts.' " *Widmark v. Barnhart,* 454 F.3d 1063, (9th Cir.2006). "Ambiguous evidence, or the ALJ's own finding that the record is inadequate to allow for proper evaluation of the evidence, triggers the ALJ's duty to 'conduct an appropriate inquiry.' " *Id*. citing Smolen v , 80 F.3d at 1288.

Petitioner argues that, because the ALJ stated that " Dr. Neal did not explain exactly how

**Memorandum Decision and Order - Page 9**

the diagnosis "qualified" the claimant for a disorder of the spine in terms of section 1.04 of the listing of Impairments" the ALJ did not have enough evidence to make a decision and should have inquired further of Dr. Neal.  The Court disagrees.  The ALJ did not find that the evidence was ambiguous nor that it was incomplete.  Instead, the ALJ determined, based on the conflicting evidence in the record ,that Petitioner was not disabled.  Thus, the ALJ had no further duty to investigate and the decision should be affirmed.

## V.
## Conclusion

Based on its review of the entire record, the Court finds that the Commissioner's decision is supported by substantial evidence and is not the product of legal error.  Therefore, the Commissioner's decision finding that the Petitioner is not disabled within the meaning of the Social Security Act will be affirmed.

## ORDER

Based upon the foregoing, the Court being otherwise fully advised in the premises, **it is hereby ORDERED that** the Commissioner's decision finding that the Petitioner is not disabled within the meaning of the Social Security Act be **AFFIRMED** and that the petition for review be **DISMISSED**.

DATED: September 23, 2008

Honorable Candy W. Dale
United States Magistrate Judge